UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CQS ABS Master Fund Ltd., CQS Select ABS Master Fund Ltd., and CQS ABS Alpha Master Fund Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> MBIA INC., MBIA INSURANCE CORPORATION, and NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, <br><br> Defendants. | No. 12-Civ-06840 (RJS) <br> [rel. 09-Civ-02242] <br><br> **ANSWER** |

  Defendants MBIA Inc., MBIA Insurance Corporation ("MBIA Insurance"), and National Public Finance Guarantee Corporation (f/k/a MBIA Insurance Corporation of Illinois) ("MBIA Illinois") (collectively, "MBIA"), for their answer to the complaint, and without waiving plaintiffs' counsel's disqualifying conflict of interest:

  1. Deny the allegations in paragraph 1 of the complaint, except admit that the complaint purports to bring an action concerning certain structured finance products.

  2. Deny the allegations in paragraph 2 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiffs "own certain residential mortgage-backed bonds that were insured by MBIA Insurance prior to 2009."

  3. Deny the allegations in paragraph 3 of the complaint, except admit that MBIA's claims payments on certain structured products increased in 2008 and that MBIA Insurance increased its loss reserves for certain structured products in 2008.

4. Deny the allegations in paragraph 4 of the complaint.

5. Deny the allegations in paragraph 5 of the complaint, except admit that on February 17, 2009, MBIA carried out a restructuring of its business (the "Transformation") through the implementation of certain transactions, with the required approval of the New York State Insurance Department ("NYID"), which granted its approval only after performing a lengthy and detailed examination of MBIA's books and records; the NYID's approval of the Transformation is reflected in a letter dated February 17, 2009 (the "Approval Letter").

6. Deny the allegations in paragraph 6 of the complaint, except admit that on February 18, 2009, MBIA announced that the NYID approved the Transformation, and refer to the Approval Letter for a description of the Transformation.

7. Deny the allegations in paragraph 7 of the complaint, except admit that MBIA has stated publicly that the purpose of the Transformation was, among other things, to ensure that all of MBIA's policyholders would remain insured by well-capitalized insurance companies capable of paying claims as they come due and to facilitate the unfreezing of the public finance bond markets by establishing a separate insurance company capable of writing new municipal finance insurance.

8. Deny the allegations in paragraph 8 of the complaint.

9. Deny the allegations in paragraph 9 of the complaint.

10. Deny the allegations in paragraph 10 of the complaint, except refer to the quoted statements for the contents thereof.

11. Deny the allegations in paragraph 11 of the complaint, except admit that the price of MBIA Inc.'s common stock closed at $3.48 per share on February 17, 2009, it closed at $4.51 per share on February 18, 2009, and it closed at $3.84 per share on February 19, 2009.

12. Deny the allegations in paragraph 12 of the complaint.

13. No response is required to paragraph 13 of the complaint, but to the extent a response is required, deny the allegations in paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. Admit the allegations in paragraph 18 of the complaint.

19. Admit the allegations in paragraph 19 of the complaint, except deny knowledge or information sufficient to form a belief that "MBIA Insurance was the world's largest 'monoline' insurer" to the extent "largest" is vague and ambiguous.

20. Deny the allegations in paragraph 20 of the complaint, except admit that MBIA Illinois has been renamed National Public Finance Guarantee Corporation, that MBIA Illinois has been redomesticated from Illinois to New York, and that, at one time, MBIA Illinois was a wholly-owned subsidiary of MBIA Insurance.

21. Deny the allegations in paragraph 21 of the complaint, except admit that plaintiffs purport to assert federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

22. Deny the allegations in paragraph 22 of the complaint, except admit that plaintiffs purport to base venue in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2).

23. Admit the allegations in the first sentence of paragraph 23 of the complaint; deny the allegations in the remainder of paragraph 23 of the complaint, except admit that MBIA Insurance wrote financial guarantee insurance for United States, municipal and foreign government bonds.

24. Deny the allegations in paragraph 24 of the complaint, except admit that MBIA Insurance issued financial guarantee policies that guarantee the payment of principal and interest on a range of debt securities and other instruments.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of paragraph 25 of the complaint, and deny the allegations in the fourth and fifth sentences of paragraph 25 of the complaint, except state that MBIA's insurance policies do not in any way guarantee the credit rating of insured obligations.

26. Deny the allegations in paragraph 26 of the complaint, except refer to the referenced documents for the contents thereof.

27. Deny the allegations in paragraph 27 of the complaint, except admit that MBIA Insurance issued financial guarantee policies that guarantee the payment of principal and interest on a range of debt securities and other instruments, and refer to the referenced documents for the contents thereof.

28. Deny the allegations in the first sentence of paragraph 28 of the complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 28.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint.

30. Deny the allegations in the first and sixth sentences of paragraph 30 of the complaint and admit the allegations in the remainder of paragraph 30 of the complaint.

31. Deny the allegations in paragraph 31 of the complaint, except admit that prior to February 17, 2009, MBIA Insurance and its subsidiaries operated the entirety of MBIA Inc.'s financial guarantee insurance business.

32. Deny the allegations in paragraph 32 of the complaint, except admit that prior to February 17, 2009, MBIA Inc. was the parent of MBIA Insurance and MBIA Insurance was the parent of MBIA Insurance Corporation of Illinois, and refer to the Approval Letter for a description of the Transformation.

33. Deny the allegations in paragraph 33 of the complaint, and refer to the Approval Letter for a description of the Transformation.

34. Deny the allegations in paragraph 34 of the complaint, and refer to the Approval Letter for a description of the Transformation.

35. Deny the allegations in paragraph 35 of the complaint, and refer to the Approval Letter for a description of the Transformation.

36. Deny the allegations in paragraph 36 of the complaint, except admit that MBIA Insurance and MBIA Illinois entered into a Reinsurance Agreement, and admit that MBIA Illinois issued second-to-pay master trust policies and state that the second-to-pay policies were issued in accordance with § 6904(b)(3) of the New York Insurance Law, and refer to the Approval Letter for a description of the Transformation.

37. Deny the allegations in paragraph 37 of the complaint.

38. Deny the allegations in paragraph 38 of the complaint, except refer to the quoted statement for the contents thereof.

39. Deny the allegations in paragraph 39 of the complaint.

40. Deny the allegations in paragraph 40 of the complaint.

41. Deny the allegations in paragraph 41 of the complaint.

42. Deny the allegations in paragraph 42 of the complaint.

43. Deny the allegations in paragraph 43 of the complaint, except admit that the price of MBIA Inc.'s common stock closed at $3.48 per share on February 17, 2009, it closed at $4.51 per share on February 18, 2009, and it closed at $3.84 per share on February 19, 2009.

44. Deny the allegations in paragraph 44 of the complaint, except refer to the quoted statement for the contents thereof.

45. Deny the allegations in paragraph 45 of the complaint.

46. Deny the allegations in paragraph 46 of the complaint, except refer to the quoted document for the contents thereof.

47. Deny the allegations in paragraph 47 of the complaint.

48. Deny the allegations in paragraph 48 of the complaint, except admit that on February 18, 2009, Moody's Investors Service ("Moody's") lowered its rating on MBIA Insurance, but did not state that MBIA Insurance was, or rate it as, insolvent, and refer to the referenced documents for the contents thereof.

49. Deny the allegations in paragraph 49 of the complaint, except admit that on February 18, 2009, Standard & Poor's Financial Services LLC ("S&P") lowered its rating on MBIA Insurance, but continued to give MBIA Insurance an investment-grade rating, and thereafter again lowered its rating on MBIA Insurance, but did not state that MBIA Insurance was, or rate it as, insolvent.

50. Deny the allegations in paragraph 50 of the complaint, except refer to the referenced documents for the contents thereof.

51. Deny the allegations in paragraph 51 of the complaint.

52. Deny the allegations in paragraph 52 of the complaint, except refer to the referenced documents for the contents thereof.

53. Deny the allegations in paragraph 53 of the complaint, except refer to the referenced documents for the contents thereof.

54. Deny the allegations in paragraph 54 of the complaint, except refer to the referenced documents for the contents thereof.

55. Deny the allegations in paragraph 55 of the complaint, except refer to the referenced documents for the contents thereof.

56. Deny the allegations in paragraph 56 of the complaint, except admit that MBIA is a defendant in a plenary action in New York Supreme Court in which the bank plaintiffs allege claims under the New York Debtor and Creditor Law, that MBIA is a respondent in an Article 78 proceeding in New York Supreme Court, and that a hearing was held in the Article 78 proceeding beginning May 14, 2012 and concluding June 7, 2012; and refer to the petition in the Article 78 proceeding for a description of the petitioners' grounds for challenging the NYID's approval of the Transformation and the nature of the relief sought by petitioners.

57. Deny the allegations in paragraph 57 of the complaint, and refer to the bank plaintiffs' complaint for a description of the bank plaintiffs' claims, and refer to the New York State Court of Appeals' decision for the contents thereof. See *ABN AMRO Bank, N.V. v. MBIA, Inc.*, 17 N.Y.3d 208 (N.Y. 2011).

58.     Deny the allegations in paragraph 58 of the complaint, except admit that a putative class action was filed against MBIA on March 11, 2009, and refer to the complaint for a description of the putative class action plaintiffs' claims and the nature of the relief sought by the putative class action plaintiffs; deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiffs "were members of the putative class" in *Aurelius Capital Master, Ltd. v. MBIA Inc.*, No. 09 CV 2242 (S.D.N.Y.) ("*Aurelius* action").

59.     Deny the allegations in paragraph 59 of the complaint, and refer to the May 6, 2009 motion to dismiss filed in the *Aurelius* action for an accurate description of its contents; except admit that on February 11, 2010, District Judge Richard J. Sullivan denied the motion, and refer to the decision for the contents thereof, see *Aurelius Capital Master, Inc. v. MBIA Ins. Corp.*, 695 F. Supp. 2d 68 (S.D.N.Y. 2010), and further admit that on August 9, 2011, plaintiffs Fir Tree Value Master Fund, L.P., Fir Tree Capital Opportunity Master Fund, L.P., and Fir Tree Mortgage Opportunity Master Fund, L.P. entered into a stipulation of discontinuance with MBIA of their claims in the *Aurelius* action, and further admit that discovery in the *Aurelius* action was ongoing on November 15, 2011, when plaintiffs Aurelius Capital Master, Ltd. and Aurelius Capital Partners, LP (the "Aurelius plaintiffs") filed their motion for class certification.

60.     Deny the allegations in paragraph 60 of the complaint, except admit that on April 11, 2012, the Aurelius plaintiffs filed a stipulation of dismissal dismissing the *Aurelius* action after the parties reached a confidential settlement.

61.     Deny the allegations in paragraph 61 of the complaint, except admit that on July 11, 2012 plaintiffs submitted a letter requesting a pre-motion conference before Judge Sullivan concerning a motion to intervene in the *Aurelius* action, and that on July 26, 2012, a conference

was held before Judge Sullivan, and refer to the transcript of that conference for the contents thereof, and admit that on September 12, 2012, plaintiffs commenced this action.

## ALLEGATIONS

### COUNT I

62. With respect to the allegations of paragraph 62 of the complaint, repeat and reallege the responses to paragraphs 1-61 of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the complaint, except to the extent that the allegations in paragraph 63 of the complaint are conclusions of law as to which no response is required, and to the extent such a response is required, deny such allegations.

64. Deny the allegations of paragraph 64 of the complaint, and refer to the Approval Letter for a description of the Transformation.

65. Deny the allegations in paragraph 65 of the complaint.

66. Deny the allegations in paragraph 66 of the complaint.

67. Deny the allegations in paragraph 67 of the complaint.

68. Deny the allegations in paragraph 68 of the complaint.

69. Deny the allegations in paragraph 69 of the complaint.

### COUNT II

70. With respect to the allegations of paragraph 70 of the complaint, repeat and reallege the responses to paragraphs 1-69 of the complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the complaint, except to the extent that the allegations in

paragraph 71 of the complaint are conclusions of law as to which no response is required, and to the extent such a response is required, deny such allegations.

72. Deny the allegations of paragraph 72 of the complaint, and refer to the Approval Letter for a description of the Transformation.

73. Deny the allegations in paragraph 73 of the complaint.

74. Deny the allegations in paragraph 74 of the complaint.

75. Deny the allegations in paragraph 75 of the complaint.

76. Deny the allegations in paragraph 76 of the complaint.

77. Deny the allegations in paragraph 77 of the complaint.

### COUNT III

78. With respect to the allegations of paragraph 78 of the complaint, repeat and reallege the responses to paragraphs 1-77 of the complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the complaint, except to the extent that the allegations in paragraph 79 of the complaint are conclusions of law as to which no response is required, and to the extent such a response is required, deny such allegations.

80. Deny the allegations of paragraph 80 of the complaint, and refer to the Approval Letter for a description of the Transformation.

81. Deny the allegations in paragraph 81 of the complaint.

82. Deny the allegations in paragraph 82 of the complaint.

83. Deny the allegations in paragraph 83 of the complaint.

84. Deny the allegations in paragraph 84 of the complaint.

85. Deny the allegations in paragraph 85 of the complaint.

86. Deny the allegations in paragraph 86 of the complaint.

87. Deny the allegations in paragraph 87 of the complaint.

88. Deny the allegations in paragraph 88 of the complaint.

89. Deny the allegations in paragraph 89 of the complaint.

90. Deny the allegations in paragraph 90 of the complaint.

## COUNT IV

91. With respect to the allegations of paragraph 91 of the complaint, repeat and reallege the responses to paragraphs 1-90 of the complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the complaint, except to the extent that the allegations in paragraph 92 of the complaint are conclusions of law as to which no response is required, and to the extent such a response is required, deny such allegations.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the complaint.

94. Deny the allegations in paragraph 94 of the complaint.

95. Deny the allegations in paragraph 95 of the complaint.

96. Deny the allegations in paragraph 96 of the complaint.

97. Deny the allegations in paragraph 97 of the complaint.

98. Deny the allegations in paragraph 98 of the complaint.

99. Deny the allegations in paragraph 99 of the complaint.

100. Deny the allegations in paragraph 100 of the complaint.

**PRAYER FOR RELIEF**

No response is required to the Prayer for Relief in the complaint. To the extent a response is required, MBIA denies the allegations in the Prayer for Relief and requests that the Court deny all relief requested by plaintiffs and dismiss the complaint in its entirety with prejudice.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim against MBIA upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The relief plaintiffs seek cannot be granted without a necessary party, namely, the NYID (the predecessor to the Department of Financial Services) and the Superintendent of the NYID, whose approval would be necessary to set aside and annul the Transformation.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

The operative agreements preclude the recovery of the alleged losses, liabilities, costs, expenses and other damages or relief of the type for which plaintiffs seek recovery.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of *in pari delicto*, waiver, and estoppel.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims violate public policy.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are not ripe for adjudication and should be stayed pending a final resolution of the Article 78 proceeding, styled *ABN AMRO Bank, N.V. v. Dinallo*, Index No. 601846/09 (Sup. Ct. New York County), challenging the NYID's approval of the Transformation.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

MBIA specifically reserves the right to assert any additional affirmative defenses that may become apparent during the course of discovery or otherwise.

**WHEREFORE**, for the reasons set forth herein, MBIA respectfully requests that the Court enter judgment dismissing the complaint and granting such other further relief as the Court deems just and proper.

Dated: New York, New York
       October 19, 2012

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: _____
Marc E. Kasowitz
(mkasowitz@kasowitz.com)
Daniel R. Benson
(dbenson@kasowitz.com)
Kenneth R. David
(kdavid@kasowitz.com)
Joshua Greenblatt
(jgreenblatt@kasowitz.com)
Seth A. Moskowitz
(smoskowitz@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700

*Attorneys for Defendants MBIA Inc., MBIA Insurance Corporation and National Public Finance Guarantee Corporation*